UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

**AQUILLA JESSIE**

    Plaintiff,

    v.

**Case No: 17-cv-840**

**ALEX WOUTS; RANDALL R. HEPP;
MARK SCHOMISCH; BRIAN SCHUELER**,

    And,

**FOX LAKE CORRECTIONAL INSTITUTION**,
a department of the State,

    And,

**WISCONSIN DEPARTMENT OF CORRECTIONS**,
a state governmental agency;

    Defendants.

---

## COMPLAINT
---

NOW COMES the above named Plaintiff, Aquilla Jessie, by his attorneys, **JUDGE LANG & KATERS, LLC AND GENDE LAW OFFICES, S.C.**, and for his claims for relief against the above named Defendants, alleges and shows the Court as follows:

### I.  INTRODUCTION

1. This case involves the State of Wisconsin Department of Corrections, and Fox Lake Correctional Institution, along with the individually named Defendants' methods of infringing on and violating the Constitutional Rights of Aquilla Jessie ("Jessie"). While under the

Defendants' care and custody, Jessie was subjected to unconstitutionally, calculated repeated sexual assaults/rapes.

2. Jessie an adult male, formerly housed at Fox Lake Correctional Institution ("FLCI") was transferred to Unit 4 in early 2015, and was repeatedly attacked and sexually assaulted/raped and abused by Defendant Alex Wouts ("Wouts"). The repeated sexual assaults/rapes continued for over approximately nine months, occurring, at minimum, once or twice per week, totaling at least 50 to 55 separate sexual assault/rape incidents. The defendants ignored and were deliberately indifferent to the sexual assault/rape of Jessie and/or to the fact that these sexual assaults/rapes were occurring at FLCI upon Jessie and others during the aforementioned time period.

3. Jessie was sexually assaulted/raped by Defendant Wouts, approximately 50 to 55 times. These assaults occurred at numerous locations in FLCI; the basement, the bathroom and the laundry room. Defendant Wouts threatened that he would not allow for Jessie's release to boot camp or that additional correctional time would be added to Jessie's sentence if he didn't comply with Wouts' demands and Wouts' forced sexual conduct on Jessie.

4. Plaintiff brings this action under the United States Constitution, particularly under the provisions of the Fourteenth and Eighth Amendment; Title 42 of the United States Code Section 1983; and Article I, Section Six of the Wisconsin Constitution.

## II.  JURISDICTION

5. That this Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the United States Constitution and Laws of the United States, and pursuant to 28 U.S.C. § 1343(a)(3) because this corrective action seeks to redress the deprivation, under color of state law, of Jessie's civil rights.

6. That this Court has supplemental jurisdiction over all state law claims which arise out of the same facts common to Plaintiff's federal claims pursuant to 28 U.S.C. § 1367.

7. That the amount in controversy exceeds Seventy-Five Thousand ($75,000) Dollars, exclusive of costs, interests, and attorneys' fees.

### III. VENUE

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because most Defendants reside in this district and because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred within this district.

### IV. THE PARTIES

9. Plaintiff, Aquilla Jessie ("Jessie") is an adult citizen of the United States and resident of the State of Wisconsin. At all times material hereto, Jessie was in the care, custody and control of the Wisconsin Department of Corrections and FLCI while he was sexually abused/raped and assaulted beginning approximately in March 2015 until November 2015 by Wouts. Jessie is currently an inmate residing at the Chippewa Falls Correctional Facility in Chippewa County, City of Chippewa Falls, and entitled to all rights, privileges, and immunities accorded all residents of Chippewa County, the State of Wisconsin, and citizens of the United States.

10. Defendant, Alex Wouts ("Wouts") is an adult citizen of the United States and a resident of the State of Wisconsin. At all times material hereto, Wouts was a Sargent and employed as such at FLCI. Defendant Wouts perpetrated over 55 sexual assaults/rapes on Jessie from approximately March 2015 to November 2015, and as such has been charged criminally for such intentional acts. Additionally, Wouts was in violation of various work rules and executive orders.

11. Defendant Randall R. Hepp ("Hepp"), is an adult citizen of the United States and a resident of the State of Wisconsin. At all times material hereto, Defendant Hepp was the Warden of Fox Lak Correctional Institution and as such was responsible for the safety, security and humane treatment of FLCI inmates, including Jessie. Hepp was deliberately indifferent as to whether inmates, including Jessie, were sexually assaulted/raped by Wouts or other correctional officers.

12. Defendant Mark Schomisch ("Schomisch") is an adult citizen of the United States and a resident of the State of Wisconsin. At all times material hereto, Defendant Schomisch was employed at FLCI as the Security Director and was ultimately responsible for the health, safety, security, welfare and humane treatment of all inmates at the FLCI. At all times material hereto, Defendant Schomisch had oversight of the prison staff, including Wouts, and as such was responsible for their training to ensure the health, safety, security, welfare and humane treatment of all inmates at the FLCI, including Jessie by the employees and correctional officers at FLCI. Schomisch was deliberately indifferent as to whether inmates, including Jessie, were sexually assaulted/raped by Wouts or other correctional officers.

13. Defendant Brian Schueler ("Schueler") is an adult citizen of the United States and a resident of the State of Wisconsin. At all times material hereto, Defendant Schueler was employed by the FLCI as the Supervisor of Wouts and Wouts' handling and interaction with the inmates of FLCI, including Jessie. As such, Defendant Schueler was responsible for training and overseeing Wouts, and other guards, to ensure the health, safety, security, welfare and humane treatment of all inmates at the FLCI, including Jessie by said guards, including Wouts. Schueler was deliberately indifferent as to whether inmates, including Jessie, were sexually assaulted/raped by Wouts or other correctional officers.

14. Defendant Fox Lake Correctional Institution ("FLCI") is operated by the State of Wisconsin Department of Corrections located in Dodge County, Wisconsin, which houses prisoners for the State of Wisconsin. At all times material hereto, FLCI was the location where Jessie was incarcerated and sexually assaulted/raped over 55 times by Defendant Wouts from March 2015 until November 2015. FLCI was deliberately indifferent as to whether inmates, including Jessie, were sexually assaulted/raped by Wouts or other correctional officers.

15. Defendant the Wisconsin Department of Corrections ("WDOC") is an agency of the State of Wisconsin whose primary office is located in Madison, Wisconsin, who at all times material hereto, operated and ran various correctional facilities in the State of Wisconsin, including FLCI. At all times material hereto, the WDOC was overseeing FLCI where Jessie was sexually assaulted/raped approximately 55 times and failed to provide for the health, safety, security, welfare and humane treatment of all inmates at the FLCI, including Jessie.  WDOC was deliberately indifferent as to whether inmates, including Jessie, were sexually assaulted/raped by Wouts or other correctional officers.

16. All of the Defendants are sued in their individual and official capacities. At all relevant times, all Defendants were acting under the color of state law, pursuant to their authority as officials, agents, controllers or employees of the State of Wisconsin; within the scope of their employment as representatives of public entities, as defined in 42 U.S.C. § 12131(1) and were deliberately indifferent to the constitutional and statutory rights of Jessie.

## V. FACTS

17. Plaintiff realleges and incorporates herein by reference the allegations of the preceding paragraphs.

18. That Jessie was housed at FLCI in 2015.

19. That Jessie was placed in Unit 4 at FLCI in early 2015.

20. That soon after Jessie was assigned to Unit 4, Wouts repeatedly called Jessie into Wouts' office to ask him personal questions and explicitly conveyed to Jessie that Wouts had connections at the prison and would be able to place Jessie at a preferred boot camp.

21. That Defendant Wouts would ask Jessie during these meetings about his sexual preferences.

22. That Defendant Wouts had work rules and executive directives which prevented guards from having sexual contact with any inmate, including Jessie.

23. That Jessie had constitutional rights which prohibited Wouts from having sexual contact or raping Jessie.

24. That Defendant Wouts was a Sargent at FLCI and on permanent employee status, Wouts failed to comply with the written policies and procedures of the Wisconsin Department of Corrections and FLCI, in addition to failing to comply with the United States Constitution while acting under the color of state law.

25. That in March of 2015, Defendant Wouts asked Jessie to go downstairs to the FLCI basement to retrieve toilet paper. That when Jessie went downstairs to retrieve the toilet paper, Defendant Wouts was waiting for him and started to grab and stroke Jessie's penis. Defendant Wouts grabbed Jessie's penis and played with it back and forth over Jessie's clothes.

26. Defendant Wouts played with Jessie's penis for several minutes and then left informing the Jessie to wait and not tell anyone of this incident.

27. That Jessie returned upstairs and asked Defendant Wouts why he did that, Wouts replied he just wanted to have fun.

28. A few days later, Jessie was called into the office by Wouts and was told if he went back downstairs again, Wouts would help Jessie out and make things easier in the Unit for him. Wouts also stated he worked at the boot camp where Jessie wanted to be stationed and that Wouts could help Jessie get into that boot camp sooner. Jessie was told by Wouts that if Jessie would go along with the sexually acts, Wouts would make Jessie's incarceration life easier and that Wouts would take care of him monetarily after he was released.

29. That Jessie stated that over the course of his stay, there was not much that hasn't been done to him sexually by Wouts. "He done gave me head and that in the bathroom stall at nighttime. I'll go in there and he comes in there, or he shines his light in my window and that's the signal to go in there, and I'll go in there with him and he did a lot of different things." The sexual assaults/rapes would occur once or twice a week from approximately March 2015 to November 2015.

30. From March 2015 to November 2015, Defendant Wouts conducted rounds at night. Wouts flashed his light into Jessie's cell, indicating Jessie was supposed to go to bathroom. Wouts would follow Jessie to the bathroom where further sexual assaults/rapes took place. The assaults/rapes following this method became routine and occurred once or twice a week. As Jessie told investigators, "He'd give me head, I'd give him head or we would have sex."

31. In addition to the sexual assaults occurring in the basement and bathroom, Jessie was also groped in the laundry room by Wouts. Jessie explained to investigators, "So I'd tell him to quit. Sometimes he would quit, sometimes he'd grab me some more…"

32. In November 2015, Wouts once again flashed his light into Jessie's cell but Jessie did not get up. Wouts continued to flash his light until Jessie got up and went to the bathroom.

7

On this occasion, Wouts pulled his pants down bent over, spit on his hand, rubbed Jessie's penis and proceeded to have sex. The intercourse lasted approximately 15 minutes until one of the men would ejaculate.

33.     Wouts provided Jessie with a pornographic magazine and a can of chewing tobacco for the sexual favors and to buy Jessie's silence.

34.     The sexual assaults stopped in November 2015 because Jessie stated, "I told him I didn't want to do it no more." After this declaration, Wouts began to act crass and erratic, threating to write Jessie up and sending him to a different unit.

35.     Wouts told Jessie on numerous occasions that he, Wouts, runs the unit and "I can send you to the hole, I just need to write you a ticket. You won't get your boot camp."

36.     Jessie stated to investigators, "[Wouts] would tell me I could benefit from it and stuff like that. He could help me get into boot camp."

37.     Wouts sexually assaulted/raped Jessie at least 55 times, Jessie was also forced to preform sexually acts on Wouts. If Jessie did not comply, he would be threatened with being placed in isolation, written up or that he would not get into boot camp.

38.     That Wouts had a position of power and control over Jessie and forced him into the sexual assaults/rapes against his will. Jessie has signed a form, provided by law enforcement, affirming that no consent was given to Wouts to perform these acts on him and at no time did Jessie consent to any sexual contact/rape with Wouts.

39.     That Jessie was not the only inmate assaulted by Wouts and after an investigation by the authorities, Wouts was criminally charged in Doge County for these sexual assaults.

40. That an investigation by the Doge County District Attorneys' office was commenced and Defendant Wouts was charged with several counts of sexual assault against a prisoner.

41. The Dodge County District Attorneys' office concluded that Wouts was sexually assaulting inmates at FLCI on multiple occasions with multiple inmates including at least 55 times with Plaintiff Jessie.

42. That Wouts threatened and harassed Jessie who was sexually assaulted/raped on at least 55 occasions. These assaults/rapes occurred while Wouts was in a position of power and control, acting under the power of state law, Wouts threatened Jessie that if he did not comply with the sexual assaults/rapes, Jessie would not get into boot camp, early release would be denied and Jessie would remain in prison for a longer period of time if he ever told others of the repeated sexual assaults/rapes perpetrated on him by Wouts.

43. That at the time of these sexual assaults by Defendant Wouts violated the work rules of FLCI and WDOC and Jessie's constitutional rights.

44. That the defendants failed to take the necessary and required precautions to protect the wellbeing of Jessie, recklessly disregarded and were deliberately indifferent to his constitutional rights. The care provided by the Defendants was unreasonably inadequate and in violation of their standard operating procedure, which was a substantial cause of the sexual assaults/rapes to Jessie.

## VI.  VIOLATIONS OF LAW

### COUNT I
### VIOLATION OF 42 U.S.C. § 1983 AND THE EIGHTH AMENDMENT OF THE UNITED STATES CONSTITUTION

45. Plaintiff hereby incorporates by reference the preceding allegations contained in Paragraphs 1 through 44, as though fully set forth herein.

46. Plaintiff was entitled to all Constitutional rights, privileges, and immunities while he was in custody of FLCI.

47. At all times relevant, all Defendants were acting within the course and scope of their employment with the WDOC and FLCI, and were acting under color of state law with the authority granted to them as corrections officers, supervisors and/or managers.

48. At all times relevant, Plaintiff had a right to be free from physical aggression, sexual abuse, assault, rape, harassment, and mistreatment resulting in needless and preventable pain, suffering, and emotional distress.

49. Wouts sexual assaults/rapes perpetrated upon Jessie who was defenseless to such sexual attacks/rapes was a substantial cause of Jessie's pain and suffering, emotional distress and permanent injuries.

50. That Defendants deliberate indifference to Jessie being sexually assaulted/raped by Wouts, an officer in a position of power and control and Defendants' failure to provide adequate safe conditions for Jessie who was defenseless to such sexual attacks/rapes was a substantial cause of Jessie's pain and suffering, emotional distress and permanent injuries.

51. That Defendants policies, practices, acts, and/or omissions evidence and constitute deliberate indifference to the severe sexual assaults/rapes of Jessie and violate the Fourteenth Amendment and Eighth to the United States Constitution.

52. At all times relevant to this Complaint, Defendant State of Wisconsin, through its Department of Corrections, Officers, supervisors and other policy makers, pursued polices,

practices, and customs that were a direct and proximate cause of the constitutional violations alleged herein and were the result of deliberate indifference.

53. That Defendants policies, practices, acts, and/or omissions placed Jessie at an unreasonable, continuing and foreseeable risk of further sexual assaults/rapes by a person in power, such as Wouts, and was a substantial cause of the injuries to Jessie and continued sexual assaults/rapes perpetrated upon Jessie.

54. As a direct and proximate result of the Defendants' unconstitutional polices, practices, procedures, acts and/or omissions, Jessie unnecessarily suffered:

    a.    physical, psychological and emotional injury

    b.    humiliation, degradation, and embarrassment;

    c.    fear, anxiety, and extreme mental anguish;

    d.    emotional trauma;

    e.    violation of his constitutional rights under the Eight Amendment and Fourteenth Amendment to the United States Constitution; and

    f.    all economic and non-economic damages related to the above.

55. Through the aforementioned acts and/or omissions, Defendants have deprived Plaintiff of his rights secured by the Eight Amendment and Fourteenth Amendments of the United States Constitution in violation of 42 U.S.C. § 1983.

## COUNT II
## VIOLATION OF SECTION 6 OF THE WISCONSIN CONSTIUTION

56. Plaintiff realleges and incorporates herein by reference the allegations of the preceding paragraphs.

57. That defendants' polices, practices, practices, procedures, acts, and/or omissions evidence and constitute deliberate indifference to the constitutional rights of all inmates in their custody, including Jessie, and violate the cruel and unusual punishment clause of Section Six of the State of Wisconsin Constitution.

58. That defendants' policies, practices, procedures, acts, and/or omissions placed Jessie at unreasonable, continuing and foreseeable risk of continuing sexual assault/rape.

59. That as a proximate result of defendants' unconstitutional polices, practices, procedures, acts and/or omissions, Jessie unnecessary suffered almost unspeakable calculated and repeated rape, psychological, and emotion injury.

## VII.  CONDITIONS PRECEDENT

60. Plaintiff hereby reasserts and realleges each and every allegation contained in Paragraphs 1-58.

61. All conditions precedent to this lawsuit have been performed or otherwise occurred.

## VIII. PRAYER FOR RELIEF

62. WHEREFORE, the Plaintiff respectfully demands judgment in favor of Plaintiff against each of the Defendants, jointly and severally, awarding Plaintiff:

   a. Compensatory non-economic damages in excess of $75,000.00, including but not limited to, all damages recoverable under the United States Constitution and/or 42 U.S.C. § 1983;

   b. Punitive damages;

   c. Reasonable attorney fees, costs, and interest pursuant to 42 U.S.C. § 1988, and;

    d. Such other and further relief as this Court deems reasonable under the circumstances.

63. Plaintiff hereby reserves his right to amend his Complaint as additional information becomes known through discovery.

## IX. DEMAND FOR JURY TRIAL

64. The Plaintiff demands trial by jury.

Dated at this 6th day of November, 2017.

Respectfully Submitted,
Judge, Lang & Katers, LLC

By: s/ David J. Lang
David J. Lang (SBN: 1001218)

By: s/ Christopher P. Katers
Christopher P. Katers (SBN: 1067557)
Kevin G. Raasch (SBN: 1100196)
JUDGE LANG & KATERS, LLC.
8112 W. Bluemound Road, Ste. 101
Wauwatosa, WI 53213
P: (414) 777-0778
F: (414) 777-0776
ckaters@jlk-law.com
dlang@jlk-law.com
kraasch@jlk-law.com
Attorneys for Plaintiffs

and

James J. Gende II (SBN 1030921)
GENDE LAW OFFICES, S.C.
N28 W23000 Roundy Drive, Ste. 200
Pewaukee, WI 53072
P: (262) 970-8500
F: (262) 970-7100
jgende@jamesgendelaw.com
Attorneys for Plaintiffs