IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

AQUILLA JESSIE,

                Plaintiff,

v.

ALEX WOUTS, RANDALL R. HEPP,                OPINION & ORDER
MARK SCHOMISCH, BRIAN SCHUELER,
FOX LAKE CORRECTIONAL INSTITUTION,         17-cv-840-jdp
and
WISCONSIN DEPARTMENT OF
CORRECTIONS,

                Defendants.

---

    Plaintiff Aquilla Jessie, represented by counsel, is a prisoner now incarcerated at the Chippewa Falls Correctional Facility. Jessie contends that defendant Alex Wouts, a correctional officer at his previous facility, the Fox Lake Correctional Institution (FLCI), sexually abused him and that other defendants failed to take measures that would have prevented the sexual abuse. Jessie claims that each defendant violated the Eighth and Fourteenth Amendments of the United States Constitution and Article One, Section Six of the Wisconsin Constitution.

    Jessie paid the filing fee in full, but his complaint is subject to screening regardless of his fee status because he is a prisoner. 28 U.S.C. §§ 1915(e)(2), 1915A(a). I must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. With this standard in mind, I will allow Jessie to proceed on an Eighth Amendment claim against Wouts. I will dismiss his other claims against Wouts with prejudice because those claims are legally flawed. I will dismiss his claims against the other defendants

because Jessie has not alleged facts that show that those defendants were personally involved in the violation of his rights. That dismissal is without prejudice; Jessie can amend his complaint if he can make the necessary factual allegations.

ALLEGATIONS OF FACT

I draw the following facts from the complaint, Dkt. 1, and accept them as true for the purposes of screening.

Jessie alleges that Wouts, a correctional officer at FLCI, sexually abused him for about nine months in 2015. At least once or twice a week, Wouts either sexually assaulted him or raped him, resulting in over 50 incidents of sexual abuse. These incidents included unwanted or forced oral sex, touching of the genitals, and intercourse. The Dodge County District Attorney's Office investigated Wouts's conduct, concluded that he sexually abused Jessie and other inmates at FLCI, and charged him with several counts of sexual assault. *Id*. ¶¶ 40–41. *See also State of Wisconsin vs. Wouts*, No. 2016CF142, Dkt. 74 (Dodge Cty. Cir. Ct. filed May 12, 2016).

During the relevant period, defendant Randall R. Hepp was the warden of FLCI, defendant Mark Schomisch was the security director of FLCI, and defendant Brian Schueler was Wouts's supervisor. Jessie also named the prison itself and the Wisconsin Department of Corrections (DOC) as defendants. Jessie contends that these defendants' failure to supervise, train, and implement policies resulted in the sexual abuse. This contention, as explained below, is not supported by factual allegations.

ANALYSIS

**A. Claims against Wouts**

Jessie claims that Wouts violated the Eighth and Fourteenth Amendments of the United States Constitution and Article One, Section Six of the Wisconsin Constitution.

The sexual assault of a prisoner by prison staff unquestionably violates the Eighth Amendment's prohibition against cruel and unusual punishment. *See Washington v. Hively*, 695 F.3d 641, 642 (7th Cir. 2012). Courts have analyzed a sexual assault claim under a two-prong approach: the plaintiff must show that he was subjected to objectively serious condition and that the defendant had a sufficiently culpable mind. *Id*. The analysis is not complicated: being subjected to sexual assault is no doubt objectively serious, and if the plaintiff proves that he was indeed sexually assaulted, that shows the defendant's sufficiently culpable mind. *See Id*. at 643–44. I will allow Jessie to proceed against Wouts on an Eighth Amendment claim.

Jessie may not proceed on his claims under the Fourteenth Amendment of the United States Constitution and Section Six of the Wisconsin Constitution. As for the Fourteenth Amendment claim, Jessie contends that:

> Defendants['] policies, practices, acts, and/or omissions evidence and constitute deliberate indifference to the severe sexual assaults/rapes of Jessie and violate the Fourteenth Amendment and Eighth to the United States Constitution.
>
> At all times relevant to this Complaint, Defendant State of Wisconsin, through its Department of Corrections, Officers, supervisors and other policy makers, pursued polices practices, and customs that were a direct and proximate cause of the constitutional violations alleged herein and were the result of deliberate indifference.

Dkt. 1, ¶¶ 51–52. These are legal conclusions, and the complaint does not contain factual allegations that implicate violations of rights such as due process or equal protection guaranteed

3

by the Fourteenth Amendment. The only violation supported by factual allegations is Jessie's right to be free from cruel and unusual punishment, a right guaranteed by the Eighth Amendment and made applicable to states by the Fourteenth Amendment. *See Baze v. Rees*, 553 U.S. 35, 47 (2008). Jessie has not stated a free-standing claim under the Fourteenth Amendment.

Jessie also claims violations of "Section Six of the State of Wisconsin Constitution." Dkt. 1, ¶ 57. I take him to mean that he purports to assert a claim under Article One, Section Six of the Wisconsin Constitution, which prohibits cruel and unusual punishment. "The Wisconsin Constitution does not authorize suits for money damages except in the context of a takings claim." *Kingsley v. Raddatz*, No. 13-cv-432, 2014 WL 3447192, at *4 (W.D. Wis. July 11, 2014) (dismissing a prisoner's cruel and unusual claim predicated on Article One, Section Six of the Wisconsin Constitution). Jessie seeks only monetary relief from defendants, and he does not request any injunctive relief. I am also unaware of any authority that has created a private cause of action to enforce Article One, Section Six of the Wisconsin Constitution.

I will allow Jessie to proceed only on an Eighth Amendment claim against Wouts.

**B. Claims against Hepp, Schomisch, and Schueler**

Jessie asserts the same claims against the remaining defendants: that they violated the Eighth and Fourteenth Amendments and the Wisconsin Constitution.

The Eighth Amendment "requires that prison officials take reasonable measures to guarantee the safety of the inmates." *Santiago v. Walls*, 599 F.3d 749, 758 (7th Cir. 2010) (citations and internal quotation marks omitted). Violations of the Eighth Amendment are actionable under Section 1983, which created a private cause of action for deprivation of rights guaranteed by the United States Constitution. 42 U.S.C. § 1983. Under Section 1983, a

4

plaintiff cannot "rely on the doctrine of respondeat superior to hold supervisory officials liable for the misconduct of their subordinates. . . . Rather, the supervisory officials also must have had some personal involvement in the constitutional deprivation, essentially directing or consenting to the challenged conduct." *Doyle v. Camelot Care Ctrs., Inc.*, 305 F.3d 603, 615 (7th Cir. 2002).

Jessie fails to state a claim against Hepp, Schomisch, and Schueler because he does not allege their personal involvement. He alleges:

> **Hepp** (the warden): Hepp . . . was responsible for the safety, security and humane treatment of FLCI inmates, including Jessie. Hepp was deliberately indifferent as to whether inmates, including Jessie, were sexually assaulted/raped by Wouts or other correctional officers.
>
> **Schomisch** (the security director): Schomisch had oversight of the prison staff, including Wouts, and as such was responsible for their training to ensure the health, safety, security, welfare and humane treatment of all inmates at the FLCI, including Jessie by the employees and correctional officers at FLCI. Schomisch was deliberately indifferent as to whether inmates, including Jessie, were sexually assaulted/raped by Wouts or other correctional officers.
>
> **Schueler** (Wouts's supervisor): Defendant Schueler was responsible for training and overseeing Wouts, and other guards, to ensure the health, safety, security, welfare and humane treatment of all inmates at the FLCI, including Jessie by said guards, including Wouts. Schueler was deliberately indifferent as to whether inmates, including Jessie, were sexually assaulted/raped by Wouts or other correctional officers.

Dkt. 1, ¶¶ 12. Essentially, Jessie alleges that Hepp, Schomisch, and Schueler are liable because they are responsible for their subordinates. "Supervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable." *Chaves v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (quoting *Lanigan v. Village of E. Hazel Crest*, 110 F.3d 467, 477 (7th Cir. 1997)). Although failure to train can result in liability, the complaint must contain factual

5

allegations that the supervisors "knew that [their] failure to train was likely to lead to constitutional violations." *Ghashiyah v. Frank,* No. 07-cv-308, 2007 WL 5517455, at *2 (W.D. Wis. Aug. 1, 2007). The complaint contains no such allegations.

Jessie may not proceed against Hepp, Schomisch, and Schueler at this point.

**C. Claims against government entities**

Jessie asserts the same claims against FLCI and the DOC: that they violated the Eighth and Fourteenth Amendments of the United States Constitution and Article One, Section Six of the Wisconsin Constitution.

Under Section 1983, a state and its agencies are not suable persons. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) (citing *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 70–71 (1989)). So Jessie may not proceed against FLCI or the DOC on Eighth and Fourteenth Amendment claims. As for his claim based on the Wisconsin Constitution, he may not proceed on that claim for the same reason noted above: no private cause of action to enforce Article One, Section Six.

In sum, Jessie may proceed only against Wouts on an Eighth Amendment claim that Wouts sexually abused him. I will dismiss his other claims against Wouts with prejudice because they are not cognizable. I will dismiss his claims against other defendants without prejudice. Jessie may amend his complaint later in the case if he has some good faith basis to make factual allegations to support those claims.

ORDER

IT IS ORDERED that:

1. Plaintiff Aquilla Jessie is GRANTED leave to proceed on an Eighth Amendment claim against defendant Alex Wouts.

6

2. Plaintiff's other claims against defendant Alex Wouts are DISMISSED with prejudice.

3. All other claims and defendants are DISMISSED without prejudice.

4. Plaintiff Aquilla Jessie may now serve defendant Alex Wouts.

Entered February 15, 2018.

        BY THE COURT:

        /s/
        _____
        JAMES D. PETERSON
        District Judge